

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY MURRELL OWEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0351 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner JIMMY MURRELL OWEN has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 47th Judicial District Court of Randall County, Texas, for the offense of Conspiracy to Commit Burglary of a Habitation. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### PROCEDURAL HISTORY

On July 25, 2001, petitioner was indicted in the 47th District Court of Randall County, Texas, for the offense of conspiracy to commit burglary of a habitation. *State v. Owen*, Cause No. 13,849-A. Petitioner pleaded not guilty to the charge. On April 16, 2003, a jury found petitioner guilty and sentenced him to a term of twenty (20) years imprisonment in the Texas Department of Justice, Correctional Institutions Division.

On May 21, 2003, petitioner filed his notice of appeal with the Seventh Court of Appeals, which affirmed his conviction on April 29, 2004. *Owen v. State*, No. 07-03-0249-CR (Tex. App.–Amarillo 2004). Petitioner did not timely file a petition for discretionary review.[1] On May 3, 2005, petitioner filed an application for state habeas corpus. The Texas Court of Criminal Appeals denied relief without written order on December 6, 2006. Petitioner filed the instant federal petition on December 12, 2006.[2]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner is actually and factually innocent of conspiracy to commit burglary of a habitation;

2. Petitioner received ineffective assistance of trial counsel;

3. Petitioner received ineffective assistance of appellate counsel;

4. Petitioner was denied his right to a speedy trial;

5. The State obtained an indictment against petitioner without support of a complaint, which violated his right to due process;

6. Petitioner was illegally sentenced;

7. The State knowingly sponsored false testimony during petitioner's trial, which violated his right to due process; and,

8. The evidence is legally insufficient to support petitioner's conviction.

---

[1] Petitioner requested an extension of time to file a petition for discretionary review, which was denied on February 14, 2005.

[2] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing").

# III.
# EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i)    there is an absence of available State corrective process; or
>     (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the

*substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the highest state court *each* constitutional claim he wishes to assert in his federal habeas petition. *Whitehead*, 157 F.3d at 387.

In his answer, respondent does not allege petitioner failed to exhaust his state court remedies on any of his claims. The undersigned Magistrate Judge has reviewed petitioner's state court records and it appears petitioner has presented, to the highest court of the State of Texas, the substance of all of the claims he now presents to this federal court.

IV.
STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner filed a state habeas application in the Texas Court of Criminals Appeals relating to Cause No. 13,849-A. The Court of Criminal Appeals denied *Ex parte Owen*, App. No. WR-50,145-03, on December 6, 2006, without written order. The ruling of the Texas Court of Criminal Appeals on the grounds presented constitutes an adjudication of petitioner's claims on the merits. *Salazar v. Dretke*, 419 F.3d 384, 398 (5th Cir. 2005).

V.
MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

A.
Actual and Factual Innocence

In his first ground, petitioner alleges he is actually and factually innocent of criminal conspiracy. Because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution–not to correct errors of fact," free-standing actual innocence claims are not cognizable on federal habeas corpus review. *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). "[A] claim of actual innocence is 'a gateway through

which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (quoting *Herrera*, 506 U.S. at 404, 113 S.Ct. at 862). Petitioner has not presented any evidence of actual innocence, *e.g.*, newly-discovered evidence, nor has he attempted to raise any barred constitutional claims through his actual innocence claim. Consequently, petitioner is not entitled to habeas relief on his stand-alone claim of actual innocence.

B.
Ineffective Assistance of Trial Counsel

In his second ground, petitioner alleges he was denied effective assistance of counsel at trial. Specifically, petitioner asserts trial counsel rendered ineffective assistance in the following ways:

1. Trial counsel failed to object to "a fundamentally defective indictment;"

2. Trial counsel failed to object and preserve errors that would have "terminated" further proceedings;

3. Trial counsel failed to object to an improper burden of proof;

4. Trial counsel failed to object to an improper range of punishment;

5. Trial counsel failed to object to testimony of accomplice witnesses;

6. Trial counsel failed to object to the jury instruction on arson;

7. Trial counsel failed to "[o]bject to elicited false evidence of inadmissible extraneous offences [sic] introduced by the State;"

8. Trial counsel failed to "[o]bject to the statements of the District Attorney concerning how the indictment was obtained without a valid complaint or valid information;"

9. Trial counsel accepted an improper burden of proof;

10. Trial counsel failed to object to the admission of testimony by an informant;

11. Trial counsel failed to object to the admission of prejudicial and inadmissible evidence;

12. Trial counsel failed to investigate or interview witnesses;

13. Trial counsel failed to seek a charge on accomplice-witness testimony or request limiting instructions;

14. Trial counsel failed to adequately cross-examine the State's witnesses; and,

15. Trial counsel failed to impeach Carl Davis.

Petr's. Br. at 7.

In order to obtain habeas corpus relief on the ground of ineffective assistance of counsel, a petitioner must demonstrate not only that his counsel's performance was deficient, but also that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To demonstrate deficiency, the petitioner must show counsel's actions "fell below an objective standard of reasonableness." *Id.* at 668, 104 S.Ct. at 2064. However, a strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). To demonstrate prejudice, a petitioner must show that a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Id.* at 697, 104 S.Ct. at 2069.

With the exception of his allegation regarding counsel's failure to challenge the sufficiency of the indictment, petitioner has only made conclusory allegations, providing no factual support. Conclusory allegations made by a petitioner do not raise a constitutional issue in a habeas

proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-1012 (5th Cir. 1983). Furthermore, petitioner's conclusory allegations show neither unprofessional errors nor resulting prejudice.

As discussed below in section V.E., *infra*, the indictment was sufficient under Texas law. Counsel was not ineffective for failing to challenge the indictment on the ground that the indictment was not supported by a complaint because such a challenge would have been without merit. Therefore, petitioner is not entitled to relief on this ground.

## C.
## Ineffective Assistance of Appellate Counsel

In his third ground, petitioner claims appellate counsel rendered ineffective assistance. Petitioner primarily claims that, because his appellate counsel was also his trial counsel, appellate counsel did not raise certain meritorious grounds on appeal. An ineffective assistance of *appellate* counsel claim is also analyzed under the two-pronged test enunciated in *Strickland v. Washington*. *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992). Thus, a petitioner must demonstrate appellate counsel was deficient, and the deficiency prejudiced his case. *Strickland,* 466 U.S. at 687. To prove prejudice, a petitioner "must show a reasonable probability that, but for counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000).

Although a right to effective assistance of appellate counsel exists, that right does not include a right to have every nonfrivolous issue raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 752, 754, 103 S.Ct. 3308, 3313, 3314, 77 L.Ed.2d 987 (1983); *Givens v. Cockrell*, 265 F.3d 306, 310 (5th Cir. 2001) (citing *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998)). Instead, appellate counsel's decision to raise certain issues and not others is evaluated in the same manner as trial counsel's decisions at trial, *i.e.*, was "counsel performing in a reasonably effective manner."

*Green*, 160 F.3d at 1043.

Here, petitioner's appellate counsel raised two issues on appeal: (1) the trial court erred by denying petitioner's motions to quash and to set aside the indictment, and (2) the trial court erred by sentencing petitioner to a term of twenty years imprisonment when petitioner was convicted of a third-degree felony. Petitioner alleges counsel should have also raised his actual innocence claim and his claim that the indictment was invalid because no complaint was filed. However, petitioner has failed to show prejudice in regard to his claim that these grounds should have been raised, *i.e.*, his conviction would have been overturned. Petitioner has failed to show any newly-discovered evidence existed, which could have entitled him to relief on an actual innocence claim. Furthermore, as discussed in section V.E, *infra*, petitioner's claim regarding the indictment is without merit; therefore, he could not have been granted relief on that ground. Appellate counsel did not perform in an unreasonable manner in not raising either of these grounds, nor did petitioner suffer any prejudice.

Petitioner also asserts counsel was ineffective for failing to inform petitioner that the Seventh Court of Appeals affirmed his conviction. This claim is without merit for two reasons. First, there is no right to counsel for discretionary review; hence, counsel could not be held ineffective for failing to notify petitioner that his conviction had been affirmed. *See Wainwright v. Torna*, 455 U.S. 586, 587-588, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982). Second, in his state habeas affidavit, appellate counsel stated that, to the best of his knowledge, he informed petitioner of the Seventh Court of Appeals decision so that petitioner could file a petition for discretionary review, although counsel could not produce a copy of such correspondence. In light of the foregoing, the Texas Court of Criminal Appeals did not make an unreasonable determination in light of the facts, nor did it unreasonably apply clearly established federal law. Consequently,

petitioner's claim that appellate counsel rendered ineffective assistance is without merit.

## D.
## Speedy Trial

In his fourth ground, petitioner alleges his right to a speedy trial was violated because of the thirty-six month pre-indictment delay and the almost two-year delay between indictment and trial. In evaluating whether a petitioner's right to a speedy trial has been violated, courts utilize a four-factor balancing test, examining (1) the length of delay; (2) the reason for delay; (3) petitioner's diligence in asserting his right; and, (4) the prejudice to petitioner. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). "The length of the delay is . . . a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." In the Fifth Circuit, a delay of at least one year from the time of arrest or indictment, whichever occurs first, to the time of trial is presumed to trigger the use of the balancing test. *See United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003); *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993). Here, petitioner was indicted on July 25, 2001, and placed under detainer[3] as of August 6, 2001. Therefore, July 25, 2001, is the relevant start date for analysis under *Barker*. Petitioner's trial began on April 14, 2003. Thus, a delay of almost two years occurred, which requires this Court to examine all of the *Barker* factors.

"In applying a *Barker* balancing, the court must weigh the first three *Barker* factors– length of the delay, reason for the delay, and defendant's diligence in asserting his right–against any prejudice suffered by the defendant due to the delay in prosecution." *Serna-Villarreal*, 352 F.3d at

---

[3]At the time he was indicted, petitioner was serving an eight-year sentence on a conviction for retaliation out of the 47th Judicial District Court in Randall County, Texas.

230. In assessing prejudice, three interests are key: "(1) the prevention of 'oppressive pretrial incarceration,' (2) reducing the 'anxiety and concern of the accused,' and (3) protecting against impairment of the defense." *Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994) (quoting *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193).

Petitioner initially asserted his right to a speedy trial in a *pro se* motion filed on May 3, 2002. Petitioner also asserted his speedy trial right through a pre-trial motion, filed February 27, 2003, and during a pre-trial hearing held on April 14, 2003. Thus, petitioner asserted his right to a speedy trial on several occasions.

In response to petitioner's assertion of his speedy trial right during the April 14, 2003 pre-trial hearing, the State noted that the post-indictment delay resulted primarily from the State's investigation of petitioner for solicitation of capital murder stemming from the conspiracy charge. Reporter's Record [hereafter, R.R.], Vol. 2 at 11. The State further noted that a lack of cooperation on the part of one of petitioner's co-defendants slowed the case's progression toward trial. *Id.* at 12-13. Prior to the hearing, the State requested a continuance on October 29, 2002, which presumably was granted by the trial court, though no such order appears in the clerk's record or on the clerk's docket. *See* Clerk's Record [hereafter C.R.], Vol. 1 at 47. In the continuance, the State claimed that new evidence regarding the conspiracy had come to light, and the State needed more time to investigate. *Id.*

Although petitioner alleges he was "unfairly disadvantaged" by the post-indictment delay, the only prejudice petitioner asserts is that the State was able to obtain extra evidence against him as a result of the delay. Petitioner has not, however, stated how his defense was prejudiced, *e.g.*, witnesses were no longer available or no longer had sufficient memory to testify. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. Furthermore, petitioner was already incarcerated on a different offense

during the pre-trial delay; thus, he cannot raise pretrial detention to support a claim of prejudice as he would have been incarcerated regardless of the indictment. *See Cowart*, 16 F.3d at 647 (citations omitted). Finally, petitioner has not stated he suffered any undue anxiety as a result of the delay. Because the State provided legitimate, non-dilatory reasons for the delay in bringing petitioner to trial, and because petitioner has failed to show that his defense was impaired, that he suffered undue anxiety, or that he suffered oppressive pretrial detention, the Texas Court of Criminal Appeals' determination that no violation of petitioner's speedy trial right occurred was not an unreasonable determination of the facts in light of the record. Therefore, petitioner is not entitled to relief on this ground.

## E.
### Validity of the Indictment

In his fifth ground, petitioner alleges he was tried and convicted on an invalid indictment. Specifically, petitioner alleges the indictment was not valid under Texas law because there was no complaint filed. "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980)). Furthermore, if "the state courts have held that an indictment is sufficient under state law, [then] a federal court need not address that issue." *Id.*

Petitioner raised the issue of the sufficiency of indictment in both his direct appeal and his state habeas petition.[4] By denying petitioner's state habeas petition on the merits, the Texas Court

---

[4] On direct appeal, petitioner challenged the sufficiency of the indictment, arguing the indictment did not provide sufficient facts of the alleged crime. Consequently, the Seventh Court of Appeals did not address the issue of the sufficiency of the indictment based on the absence of a complaint and declined review on the issue raised because petitioner failed to preserve the alleged error. *See Owen v. State*, No. 07-03-0249-CR (Tex. App.-Amarillo 2004).

of Criminal Appeals upheld the indictment, implicitly finding it sufficient under state law. Therefore, petitioner is not entitled to habeas relief unless he shows the indictment was so defective as to deprive the trial court of jurisdiction. Petitioner bases his claim that the indictment was invalid on his belief that, under Texas law, a complaint is required to support an indictment. However, petitioner is mistaken. In Texas, an *information* must be accompanied by a complaint, not an *indictment*. *See* TEX. CODE CRIM. PROC. art. 21.22. Because petitioner was tried pursuant to an indictment issued by a grand jury, and not an information, petitioner's claim is without merit.

## F.
### Illegal Sentence

In his sixth ground, petitioner alleges he received an illegal sentence. Petitioner raised the issue of the legality of his sentence in his direct appeal. In addressing this issue, the Seventh Court of Appeals held that petitioner's claim was procedurally defaulted because petitioner failed to object to arson—an aggravating factor in the conspiracy, raising the range of punishment to a second-degree felony—being included in the indictment. *Owen*, slip op. at 5-6. Where the last state court to address a petitioner's claim explicitly relied on a well-established state procedural bar, the federal habeas court is precluded from considering that claim. *Coleman v. Thompson*, 501 U.S. 722, 731-732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991). Furthermore, Texas' contemporaneous objection rule has been held to be an adequate and independent state procedural bar, precluding federal review. *Sharp v. Johnson*, 107 F.3d 282, 285-286 (5th Cir. 1997) (citing *Amos v. Scott*, 61 F.3d 333 (5th Cir. 1995)). Thus, this Court is barred from considering this claim.

Even if petitioner's claim did not suffer from a procedural bar, it would be without merit. The presence of arson as the underlying felony for the burglary—and the burglary being the underlying felony for the conspiracy—raised the level of punishment for petitioner to a second-

degree felony under Texas law. *See* TEX. PENAL CODE §§ 15.02(d) ("offense under this section is one category lower than the most serious felony that is the object of the conspiracy"), 30.02(d) (burglary with intent to commit a felony other than felony theft is a first-degree felony). Thus, petitioner was not illegally sentenced. Though petitioner asserts he could not be sentenced for a second-degree felony when his co-defendants/co-conspirators were not charged the same way, he has provided no authority in support of his assertion.[5] Consequently, this claim is not only procedurally barred, but also without merit.

## G.
### False Testimony

In his seventh ground, petitioner alleges the State obtained his conviction with the use of false testimony. Petitioner claims the State elicited false testimony from witnesses Ean Kirby Allen, Keymathe Marsh, and Carl Davis. For the reasons stated below, this claim is without merit.

In order to prevail on a claim that his due process rights were violated by the use of perjured testimony, a petitioner must show (1) the witness' testimony was actually false, (2) "the testimony was material," *and* (3) "the prosecution knew the witness' testimony was false." *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001) (citations omitted). Something more than merely inconsistent or conflicting testimony is needed to show actual falsity. *Id.* Furthermore, "to establish that [petitioner's] right to the due process of law has been violated he must show that the actions of the prosecutor so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (citing *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)).

---

[5] Petitioner cites only the statute itself, which does not state that co-conspirators must be similarly charged, in support of his claim.

Petitioner alleges the existence of inconsistent statements shows that witnesses lied on the stand. For example, in an affidavit given to police on February 24, 1998, Ean Kirby Allen stated that he, Keymathe Marsh, and Adrian Brooks met with petitioner at petitioner's house on the night before the burglary. Allen stated that petitioner told Allen, Marsh, and Brooks that petitioner would give them an " 8 ball apiece" if they would break into and burn down attorney Selden Hale's house. R.R., Vol. 6 at State's Ex. 47. Allen also stated in the affidavit that he did not take part in the actual burglary, but alleged that Marsh and Brooks did break into Hale's house and set fire to it. *Id.* While testifying at a trial on a different charge against petitioner, Allen again stated that petitioner asked Allen, Marsh, and a third man known as "Little Forty"[6] to break into and set fire to Hale's house. R.R., Vol. 6 at State's Ex. 48. Allen alleged Marsh and Little Forty committed the burglary. *Id.* At petitioner's conspiracy trial, Allen testified that Allen and Marsh alone went to petitioner's house, that petitioner asked Allen and Marsh to break into Hale's house and set fire to it, and that Allen and Marsh did break into and set fire to Hale's house.[7] R.R., Vol. 3 at 100-108.

Though Allen's story changed several times as to his involvement in the actual burglary, Allen was consistent on one point: petitioner was the force behind the conspiracy. Allen never wavered in his testimony that a meeting occurred at petitioner's house the night before the burglary happened nor in asserting that petitioner entered into an agreement with Allen and Marsh to burn down Hale's house. Consequently, petitioner has failed to show that Allen's testimony was actually false.

As to Marsh and Davis, petitioner has provided no evidence of falsehood; instead,

---

[6] Allen testified that "Little Forty" was a nickname for Adrian Brooks. R.R., Vol. 3 at 98.

[7] Allen stated during the conspiracy trial that he had lied on prior occasions about his involvement in the actual burglary because he did not want to be charged; however, the statute of limitations had run on the burglary at the time Allen testified at the conspiracy trial and, thus, he was no longer afraid of prosecution. R.R., Vol. 3 at 97, 100.

petitioner has merely made unsupported accusations of a conspiracy to convict petitioner, which he alleges involved false testimony by Marsh and Davis. Mere accusations without proof do not entitle petitioner to relief. *See Ross*, 694 F.2d at 1011-1012.

Petitioner has also failed to show the State knowingly used any perjured testimony or that the prosecutor's actions infected the trial in such a way that petitioner's due process rights were violated. During the testimony of Allen, the prosecutor went to great lengths to ensure the jury knew Allen had made contradictory statements in the past. Likewise, during Marsh's testimony, the prosecutor pointed out that Marsh had provided prior inconsistent statements. This Court does not find such action by the State indicates in any way that the State intended to elicit false testimony, nor can this Court find that the state habeas court's determination was unreasonable. Therefore, petitioner is not entitled to relief on this ground.[8]

## H.
## Sufficiency of the Evidence

In his eighth and final ground, petitioner alleges the evidence adduced at trial was insufficient to support the jury's guilty verdict. "Habeas relief under section 2254 on a claim of insufficient evidence is appropriate only 'if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996) (quoting *Jackson v. Virginia*, 433 U.S. 307, 322-326, 99 S.Ct. 2781, 2791-2792, 61 L.Ed.2d 560 (1979)). In assessing a sufficiency claim, the federal habeas court must resolve "credibility choices and conflicting inferences . . . in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (citing *United States v. Cyprian*,

---

[8]This Court will not address whether the testimony was material because petitioner is not entitled to relief since he has not shown the testimony was actually false or the State knowingly used false testimony.

197 F.3d 736, 740 (5th Cir. 1999)). Furthermore, this Court's analysis of a sufficiency of the evidence claim is limited to whether the state habeas court's determination that the evidence was sufficient was a reasonable determination of the facts in light of the evidence and a reasonable application of clearly established federal law. *See id.*; *see also* 28 U.S.C. 2254(d).

At petitioner's trial, the State provided evidence from two witnesses, Ean Kirby Allen and Keymathe Marsh, that petitioner entered into an agreement with them to break into and burn down Selden Hale's house. Hale testified and corroborated that petitioner had been unhappy with Hale regarding past legal representation and that petitioner had made his displeasure known on numerous occasions. The State also adduced evidence that Hale's house was broken into and burned the day after the alleged meeting between Allen, Marsh, and petitioner. Furthermore, the State presented evidence from a jailhouse informant, Carl Davis, corroborating the testimony of Allen and Marsh. Taken as a whole, the evidence presented to the jury was sufficient to support the guilty verdict.[9] Therefore, the Texas Court of Criminal Appeals did not make an unreasonable determination of the facts or an unreasonable application of federal law. Consequently, petitioner's claim is without merit.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JIMMY MURRELL

---

[9]Petitioner states that there was "no evidence other than inference piled upon inference of already defined perjured testimony of the State's witnesses was the sole basis for the information relied upon by the jurors to base it's [sic] determination of guilt . . . ." Petr's. Brief at 15. However, the State provided evidence to the jury that was sufficient to support a guilty verdict. As discussed in section V.G, *supra*, petitioner has not shown any false testimony was adduced at trial. Furthermore, the State was candid in its presentation of the evidence, not attempting to hide information relevant to the jury's credibility determination for each witness. The jury determined the witnesses were credible, and such determination cannot and will not be overturned by this Court.

OWEN be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of August 2008.

*(signature)*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).